UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-02520 |
| | ) | |
| $22,000.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the

Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on

information and belief as follows:

## NATURE OF THE ACTION

1.      This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C.

§ 881(a)(6) because the defendant property constitutes proceeds of, or is property used to

facilitate a violation of, the Controlled Substances Act.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil actions commenced by the United States) and § 1355

(district courts have original jurisdiction of any action for forfeiture).

3.      This Court has in rem jurisdiction over the defendant property pursuant to

28 U.S.C. § 1355(b) (forfeiture action can be brought in the district in which any of the acts

giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest

property in the government's possession).

4.     This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5.     The Defendant is Twenty-Two Thousand Dollars and No Cents in United States Currency ($22,000.00" or "the Defendant Currency').  The Defendant Currency was taken into custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP").

## FACTS

6.     On August 2, 2017, officers from a parcel/bulk cash smuggling interdiction task force, comprised of the Indiana State Police ("ISP") and the Indianapolis Metropolitan Police Department ("IMPD"), conducted an interdiction operation at a local Federal Express shipping facility in Indianapolis.

7.     Parcel/bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies, such as Federal Express, to transport illegal controlled substances and their proceeds.  Parcels may be identified by Task Force Officers as suspicious when they meet several characteristics that have been identified as those indicating usage of the mail delivery services by narcotics traffickers.  For instance, a parcel may be mailed overnight to a state known to be a source for the importation of controlled substances. Overnight parcels are typically sent by a business to a business, not generally from one individual to another.  Typically, individuals do not send packages by the more expensive

overnight delivery service.  Narcotics traffickers know that packages sent by delivery services, especially overnight deliveries, are protected from inspection without a search warrant.  They know that any delay may indicate a compromised parcel.  Traffickers will often package in a layered manner in an attempt to avoid detection by trained drug detection canines.  The layered packaging appears to be an attempt to mask or prevent any odors from escaping.  Traffickers rarely include any type of instruction with the proceeds.  Legitimate businesses or personal gifts contain such notes, letters, receipts, cards or coupons along with the cash or monetary instruments.  Based on information and experience, Task Force Officers identify suspicious packages with a number of indicators, such as newly bought boxes purchased from the shipping company, excessive external tape at the box's seams, and shipping labels identifying overnight priority shipping paid for with cash.  Smugglers often use blatantly fictitious addresses and phone numbers.  Further, the label may be handwritten and not list a business account number.  The labels are often missing a full name and/or do not provide a telephone number.

8.      On August 2, 2017, during the routine parcel/bulk cash smuggling interdiction, task force officers isolated a suspicious package bearing tracking # 787373329116.  The package was sent from Rhonda Reed, 820 Sheffield Court, Auburn Hills, Michigan 48328 to Valerie Dixon, 9888 Genesee Avenue, Room 704, La Jolla, California 92037.

9.      Task force officers selected the package for isolation because its appearance met several of the specific indicators of a package involved in bulk cash and controlled substance smuggling.  Officers noted that the package had been newly purchased from the shipping company, had excessive tape at its seams, had a printed label indicating priority overnight shipping paid for with cash, and had a destination address in a known source state for illegal controlled substances (California).  The sender and recipient phone numbers were identical and

3

consisted only of the number 0 repeated throughout (000-000-0000).  No signature was required

upon delivery.  Additionally, the package was sent from an individual to an individual, a non-

business sender to a non-business receiver, and a residence to a residence.

 

10.     An IMPD officer and a drug detection canine examined the exterior of the

isolated package for the odor of illegal controlled substances.  The drug detection canine has

been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin,

and methamphetamine.  A blind search was conducted, where the suspicious package was placed

among two similarly sized and shaped, non-suspicious packages.  After this, the drug detection

canine was brought in to inspect all three packages.  After sniffing each package, the drug

detection canine gave a positive alert for the suspicious package, while ignoring the non-

suspicious packages.

11.     The task force officers applied for a search warrant to inspect the interior of the package based on the suspicious appearance of the package and the drug detection canine's positive alert.  On August 2, 2017, a Marion County Superior Court Judge for the State of Indiana granted the search warrant upon a determination of probable cause.

12.     Task force officers then opened the package to find crumpled wads of newspapers and white dishrags.  They found a sealed, bubble-padded, manila shipping envelope concealed underneath.  Inside of the envelope, there was a plastic, protein powder container.  By removing the lid to the plastic container, officers could see that the seal had been broken.  The officers determined that the container was previously opened, so they peered inside and found rubber-banded stacks of United States Currency obscured by loose protein powder.  Smugglers regularly



use extensive methods of packaging in an attempt to conceal currency and mask the odor of illegal controlled substances.  There was no correspondence or documents included in the package to indicate the purpose of the Defendant Currency.

13.     An IMPD officer and his canine partner conducted a second blind search of the package.  The canine again gave a positive alert for the presence of the odor of illegal controlled substances.

14.     An internet database search has revealed numerous problems with the names and addresses associated with the sender and recipient.  The sender's address has an incorrect zip code was listed on the sender's address.  The correct zip code should have been "4832**6**."  Additionally, the sender's name, Rhonda Reed, is not affiliated with the address provided.  The recipient's address appears to be a room in the Browning Building at Scripps Memorial Hospital.  Personnel at Scripps Memorial Hospital have verified that there is no employee or person by the name of Valerie Dixon associated with the Hospital.

15.     The Defendant Currency was seized, converted into cashier's check, and retained in the custody of ISP District 52 pending the issuance of a state turnover order.  On November 28, 2017, a turnover order was issued by a Marion Superior Court Judge for the State of Indiana.

16.     On March 13, 2018, DHS-CBP sent letters to Rhonda Reed and Valerie Dixon, attempting to resolve the matter prior to judicial forfeiture.  Both potential claimants were advised that, if desired, they could waive the statute of limitations and submit a petition for remission of the seizure, or simply abandon the property.  The letter requested a response within 30 days, after which the matter would likely be referred to the appropriate United States Attorney to file a forfeiture action in United States District Court.  To date, neither of the potential claimants have responded.

## **PERTINENT STATUTES**

17.     Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

18.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

## **PRAYER FOR RELIEF**

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant funds are "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or  "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant funds pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition

according to law; and the United States be granted any relief this Court may deem just and proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:     *s/ Debra G. Richards*
        Debra G. Richards
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-5027

## **VERIFICATION**

I, Christopher Bryant, hereby verify and declare under penalty of perjury that I am a

Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing

Verified Complaint in Rem and know the contents thereof, and that the matters contained in the

Complaint are true to my own knowledge, except that those matters herein stated to be alleged

on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the

official files and records of the United States, information supplied to me by other law

enforcement offices, as well as my investigation of this case, together with others, as a Special

Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  $8-6-18$

Christopher Bryant
Special Agent, HSI

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| | |
| **(b)**  County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1   U.S. Government
  Plaintiff

❑ 2   U.S. Government
  Defendant

❑ 3   Federal Question
    *(U.S. Government Not a Party)*

❑ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance <br> ❑ 120 Marine <br> ❑ 130 Miller Act <br> ❑ 140 Negotiable Instrument <br> ❑ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ❑ 151 Medicare Act <br> ❑ 152 Recovery of Defaulted <br> Student Loans <br> (Excludes Veterans) <br> ❑ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ❑ 160 Stockholders' Suits <br> ❑ 190 Other Contract <br> ❑ 195 Contract Product Liability <br> ❑ 196 Franchise | **PERSONAL INJURY** <br> ❑ 310 Airplane <br> ❑ 315 Airplane Product <br> Liability <br> ❑ 320 Assault, Libel & <br> Slander <br> ❑ 330 Federal Employers' <br> Liability <br> ❑ 340 Marine <br> ❑ 345 Marine Product <br> Liability <br> ❑ 350 Motor Vehicle <br> ❑ 355 Motor Vehicle <br> Product Liability <br> ❑ 360 Other Personal <br> Injury <br> ❑ 362 Personal Injury - <br> Medical Malpractice | **PERSONAL INJURY** <br> ❑ 365 Personal Injury  - <br> Product Liability <br> ❑ 367 Health Care/ <br> Pharmaceutical <br> Personal Injury <br> Product Liability <br> ❑ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ❑ 370 Other Fraud <br> ❑ 371 Truth in Lending <br> ❑ 380 Other Personal <br> Property Damage <br> ❑ 385 Property Damage <br> Product Liability | ❑ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ❑ 690 Other | ❑ 422 Appeal 28 USC 158 <br> ❑ 423 Withdrawal <br> 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ❑ 820 Copyrights <br> ❑ 830 Patent <br> ❑ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ❑ 861 HIA (1395ff) <br> ❑ 862 Black Lung (923) <br> ❑ 863 DIWC/DIWW (405(g)) <br> ❑ 864 SSID Title XVI <br> ❑ 865 RSI (405(g)) | ❑ 375 False Claims Act <br> ❑ 400 State Reapportionment <br> ❑ 410 Antitrust <br> ❑ 430 Banks and Banking <br> ❑ 450 Commerce <br> ❑ 460 Deportation <br> ❑ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ❑ 480 Consumer Credit <br> ❑ 490 Cable/Sat TV <br> ❑ 850 Securities/Commodities/ <br> Exchange <br> ❑ 890 Other Statutory Actions <br> ❑ 891 Agricultural Acts <br> ❑ 893 Environmental Matters <br> ❑ 895 Freedom of Information <br> Act <br> ❑ 896 Arbitration |
| **REAL PROPERTY** <br> ❑ 210 Land Condemnation <br> ❑ 220 Foreclosure <br> ❑ 230 Rent Lease & Ejectment <br> ❑ 240 Torts to Land <br> ❑ 245 Tort Product Liability <br> ❑ 290 All Other Real Property | **CIVIL RIGHTS** <br> ❑ 440 Other Civil Rights <br> ❑ 441 Voting <br> ❑ 442 Employment <br> ❑ 443 Housing/ <br> Accommodations <br> ❑ 445 Amer. w/Disabilities - <br> Employment <br> ❑ 446 Amer. w/Disabilities - <br> Other <br> ❑ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ❑ 463 Alien Detainee <br> ❑ 510 Motions to Vacate <br> Sentence <br> ❑ 530 General <br> ❑ 535 Death Penalty <br> **Other:** <br> ❑ 540 Mandamus & Other <br> ❑ 550 Civil Rights <br> ❑ 555 Prison Condition <br> ❑ 560 Civil Detainee - <br> Conditions of <br> Confinement | **LABOR** <br> ❑ 710 Fair Labor Standards <br> Act <br> ❑ 720 Labor/Management <br> Relations <br> ❑ 740 Railway Labor Act <br> ❑ 751 Family and Medical <br> Leave Act <br> ❑ 790 Other Labor Litigation <br> ❑ 791 Employee Retirement <br> Income Security Act <br><br> **IMMIGRATION** <br> ❑ 462 Naturalization Application <br> ❑ 465 Other Immigration <br> Actions | **FEDERAL TAX SUITS** <br> ❑ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ❑ 871 IRS—Third Party <br> 26 USC 7609 | ❑ 899 Administrative Procedure <br> Act/Review or Appeal of <br> Agency Decision <br> ❑ 950 Constitutionality of <br> State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

❑ 1   Original
  Proceeding

❑ 2   Removed from
  State Court

❑ 3   Remanded from
  Appellate Court

❑ 4   Reinstated or
  Reopened

❑ 5   Transferred from
  Another District
    *(specify)*

❑ 6   Multidistrict
  Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

❑  CHECK IF THIS IS A **CLASS ACTION**
  UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:     ❑ Yes   ❑ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:18-cv-02520 |
| | ) | |
| $22,000.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>WARRANT FOR ARREST OF PROPERTY</u>

TO:    ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 5th day of June, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Twenty two thousand dollars in United States Currency ("$22,000.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant funds into the possession of the United States Marshals for the Southern District of Indiana, to be detained in the possession of the Marshals until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Copy to:

Debra G. Richards, Assistant United States Attorney
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN  46204-3048
Debra.Richards@usdoj.gov

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(I) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.